IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RASHAAD A. IMANI,

    Petitioner,                                               ORDER

v.                                                           11-cv-677-wmc

WILLIAM POLLARD, Warden,
Waupun Correctional Institution,

    Respondent.

---

Petitioner Rashaad A. Imani filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of his state court conviction for aggravated robbery as a repeat offender and possession of a firearm as a felon, in *State v. Imani*, Waukesha County Case No. 06CF677. While this court dismissed that petition with prejudice on September 29, 2014, the Court of Appeals for the Seventh Circuit reversed this court's decision on June 22, 2016, remanding the case with instructions to grant the petitioner's petition for a writ of habeas corpus and order the state to either release Imani or retry him "promptly." *Imani v. Pollard*, 826 F.3d 939 (7th Cir. 2016). On August 9, 2016, having received the Seventh Circuit's mandate, this court granted the petition and ordered that petitioner was to be released within 60 days of the issuance of that order, unless the state advised the court before then that it intends to provide petitioner a prompt trial. (Dkt. #45.)

The 60-day deadline expired on Tuesday, October 11, 2016, but instead of releasing petitioner or notifying the court of its intent to retry him, the state chose door

1

number 3, filing a motion on October 11th itself for a stay of this court's August 9th order while the state files a petition for a writ of certiorari to the United States Supreme Court, which is due no later than October 27, 2016. (Dkt. #49.)

The state's request is flawed on a number of levels. First, it is unclear whether this court even has the authority to enter a stay in light of the Seventh Circuit's express mandate that Imani be retried promptly or released. For the state to wait until the very last day to seek what is extraordinary relief for the Seventh Circuit's mandate without having even filed its cert petition, is anything but prompt.

Second, even if this court had the authority to consider a stay, the state applicant must show a "reasonable probability that four Justices will vote to grant certiorari and a reasonable possibility that five Justices will vote to reverse the judgment of this court." *Books v. City of Elkhard*, 239 F.3d 826, 827 (7th Cir. 2001) (articulating good cause standard for entry of stay pending consideration of cert petition). Here, the state only argues that this case is a "strong candidate for certiorari review" because the Seventh Circuit's decision contradicts Supreme Court precedent, as well as authority from other circuits. (*See* (dkt. #49) at 3.) Moreover, the state's attempt to manufacture a conflict between the Seventh Circuit's decision and a 1934 Supreme Court decision is wholly unpersuasive, as is its claim of a circuit split, which turns mainly on differences in the facts of each case rather than a dispute of law.

Third and finally, this court disagrees that the Supreme Court is likely to grant certiorari in this case, even if an arguable circuit split existed, since the Seventh Circuit's

unanimous decision discusses and follows the applicable controlling Supreme Court precedent in *Faretta v. California*, 422 U.S. 806 (1975), concluding that the Wisconsin Supreme Court's decision "was flatly contrary" to *Faretta*. *Imani*, 826 F.3d at 943. Nor was this result surprising, as this court had noted in its original opinion. Although ultimately denying the petition based on the deferential standard of habeas review as to the facts, petitioner had "made a substantial showing that his conviction may have been obtained in violation of clearly established federal law." (Dkt. #27 at 28.) Thus, despite the state's arguments to the contrary, this case is not a strong candidate for certiorari review by the Supreme Court.

That being said, the court will extend its own, temporary stay until October 30, 2016, to allow the state to both: (1) file its certiorari petition; and (2) seek a stay of this court's denial of its stay motion from the Seventh Circuit. If the state has not obtained such a stay by October 30, 2016, the respondent must either: (1) release petitioner; or (2) turn him over to custody of the appropriate enforcement official for retrial. Absent relief from the Seventh Circuit, a failure to do one of those two things (and only those two things) will result in an order to show cause why respondent should not be held in contempt.

ORDER

IT IS ORDERED that respondent's motion to stay this court's August 9, 2016 order (dkt. #49) is GRANTED IN PART and DENIED IN PART, as explained above.

The state may have until October 30, 2016, to either: (1) release petitioner; or (2) turn him over to custody of the appropriate enforcement official for retrial.

Entered this 13th day of October, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge